The presiding judge,
in his charge to the jury, mentioned that it was their duty in the first place, to determine whether Mr. Cleeland, in making ¡his deed, intended to reserve the right of resuming those streets laid down in the plan, as well as the squares, whenever he should think proper, or not ; and if it should be their opinion that such was his original intention when he made the deed, (which they would have out with them,) and that those streets were only intended for the convenience of such persons as should purchase lots in these squares; or, in other words, as mere appendages to the squares, that then, and in such case, it would be their duty to find for defendant, who had proved a very clear title down from Mr. Cleeland.
But if on the contrary it should appear to them, that these streets were intended as highways, for the general use and convenience of the inhabitants of Georgetown, or others' who might have occasion to make use of them, then the next inquiry would be, whether they were ever laid out and used as highways, or not ? for it is essential to constitute a highway, that it should not only be actually laid off, but used as such ; for it is the use that consecrates it to the benefit of the public: and upon this point he was bold to say, that no proof had been given to prove either that they had been actually laid off, or ever used as highways: on the contrary, it appeared from indubitable testimony, that the whole had been enclosed and used as a farm either by Mr. Cleeland, or those who held under him, for more than forty years last past ; and here he said the doctrine of nonuser would apply, which would forfeit a corporate right, as well as misuser. Upon both grounds, therefore, he thought the defendant well entitled to a verdict,
*288 -And the jury found for the defendant accordingly,
A motion was afterwards made for a new trial, on the ground of misdirection, which was ordered, to the end that this case should undergo a fuller and more satisfactory investigation, especially as a majority of the judges were of opinion, that the clauses in CleelancPs deed were involved in a good deal of obscurity and uncertainty.
Second Tkial.*
This cause was tried at Georgetown a second time, be-Jbre Gmmke, J. in the November following, when a verdict was given for the commissioners.
After this second trial, a two-fold motion was made before the constitutional court of appeals.
1st. In arrest of judgment, on the ground that the commissioners of the streets of Georgetown could not maintain or support this action. And,
2d. That in case of failure on the first ground in arrest of judgment, then for a second new trial, as a verdict against law and evidence. Inasmuch, as the jury on this second trial found against the reservation in Cleeland'>s deed, which had been given in evidence on the second trial as well as on the first; by which he reserved to himself the power of resuming the land annexed to the old town, and selling it out in squares when he pleased ; and upon which, the judges when they ordered the new trial had expressed no opinion ¡ and, secondly, because no evidence had been offered on the second trial, to prove that the streets mentioned in Cleeland’s plat annexed to the deed, ever had been used as highways by the inhabitants of Georgetozvn.
*289 The first ground taken on this second argument in arrest of judgment, was not insisted on in the opposition to the motion for a new trial on the first argument; because (as it Was alleged) the defendant wished to meet this case on its real merits, and that all the circumstances should come fairly out respecting the land in question, for the satisfaction of the inhabitants of Georgetown. On the present occasion, however, the defendant thought proper to avail himself of every advantage which the law would afford or allow him in defence of his right.
In support of this motion in arrest of judgment, the Attorney-General, Mr. Pringle, on behalf of the defendant, insisted, that the commissioners of the streets had no right of freehold in these streets, and consequently could not maintain this action of trespass. That the action in its present form was not a mere possessory action, or a special action for obstructing the passage of a highway, but was an action to try the right of freehold or title to the land in dispute, which right never had been vested in the commissioners. That the defendant had taken no advantage of this defect in the former trials, by pleading the matter specially, or demurring, or even moving for a nonsuit on the plaintiffs* dosing their testimony ; because, he knew he could at last avail himself of it on the present motion in arrest of judg-men. 3 Black. 393. 1 Cromp. 327.
That Cleeland, by laying off these streets never parted with the right of soil or freehold; that still remained in him, although he had granted a right of passage along them j for the law is clear, that the dedication of a street for the use of the public, is not an absolute transfer of the. soil, only the grant of a privilege as long as the public has occasion for it. 2 Str. 1004. 1 Esp. 390. Upon this radical and fundamental defect of title, they must fail, as the law will not bear them out. 1 Burr. 143. 146. The owner of the soil has a right to all above and under the ground, except only the right of passage to the public. There was still a further ground, he said, which rendered it impossible *290 for the plaintiffs to recover in the present suit * for, although Georgetown has become a flourishing town, and is so at this da}', yet it never was laid out by any public authority, nor had it even the semblance of a corporation till a very late period; therefore, as members of a corporate body, they cannot maintain this action. The first notice taken of Georgetown by the legislature after the revolution,was in an act passed in 1787, authorizing the public market, regulating the streets, and for other purposes of police mentioned in the said act. By this act, the commissioners of the streets are empowered to keep them clear and in good repair, and to cause annoyances to be removed, and all obstructions, under certain penalties therein mentioned ; and the same powers were also given them, as had been given to the trustees mentioned in CleelancPs deed. By another act, passed in 1791, the commissioners are authorized to assess the inhabitants in a sum sufficient to keep the streets and causeys in repair, &c. but neither of these acts gave, or could give, any thing like a freehold to the commissioner's.
Í LcI. Iiaym. 491. Co. Lift.56. a. 12 Roll. 140, 141. 3 Mac, Mr. 668*
But supposing, the most that can possibly be claimed by the commissioners on any ground whatever, that Cleeland'ls deed had given a right of passage to the trustees for the use of the inhabitants to and along these streets originally, and that the present commissioners were their legal and regular successors in office, the fee of the land would still have been in Cleeland, or those claiming under him, though the right of passage might have been in the inhabitants of Georgetown; this would never give them a right to support an action of ejectment or trespass, to support a title. Their real and proper remedy would have been by indictment, for obstructing the use of these streets or highways, and not by action of trespass to try title. 3 Bac. 668. 2 Str. 1004. To' constitute a public highway, it must not only be laid oif, but used as such by the inhabitants; this is the dedication of it to the public, for public uses ; and for the obstruction of which, an indictment is the appropriate and legal remedy ¡ because, it then becomes an offence against the public, and not a trespass on private rights. An indictment, therefore, is the only remedy in such cases, 3 Bac. 668.
*291 In case the court should order judgment to he entered up for the plaintiffs in this action, what would be the nature of it ? Why, that the plaintiffs should recover their freehold, and damages for the use and detention; which would not be establishing a right for the public, but for themselves as individuals. Whereas, a judgment on an indictment for a nuisance, would be that the sheriff with the assistance of a posse, (if necessary) should remove the obstructions out of the highway, that passengers might pass and repass with convenience and safety ; and in case of any opposition given to the sheriff, every individual would be liable to be indicted, fined and imprisoned.
This difference in the nature and effects in the civil and criminal jurisdiction of this court, most evidently points out the remedy which should and ought to have been pursued in this case. He therefore said, he would postpone any arguments in favour of the motion for a new trial, which was his second ground, and on which he felt himself strong, until he had heard the opinion of the court on this first point in arrest of judgment j as, if the court should be with him on that ground, it would preclude the necessity of any further argument.
The counsel for the plaintiffs took nearly the same grounds which had been taken on the two trials, with little or no variation; except, that in answer to the arguments in arrest of judgment, they contended, that the right of proceeding by indictment did not take away the right of the action of trespass ; and that in case of judgment being entered up for the plaintiffs, they might still be considered as recovering in trust for the use of the inhabitants of Georgetown, and not in their own private rights.
The Judges,
after fully considering this case, were unanimously of opinion, that the commissioners could not support the present action, to recover title and damages ; as the right of freehold was never in them. But that the proper remedy for obstructing a street or highway, was by *292 indictment for a nuisance ; against which, however, non-> user would be a good plea ; for there was no proof on the second trial, any more than on the first, that ever these streets were actually laid off or opened, only delineated on paper; or that they were ever used as highways after Cleeland made the conveyance, on which this right was founded or claimed by the commissioners.
Rule made absolute for arresting the judgment.
Present, Grimke, Waties, Bay, Johnson, and Trees» vant.

 This second case ought regularly to have been placed among the cases argued in 1803, hut it was judged hotter to subjoin it to the first case, so as tq make one continued report of the whole, than to make two disjointed reports pf them.